## Case No. 6,605.

### In re HOLLAND.

[12 N. B. R. (1875) 403; 1 N. Y. Wkly Dig. 126.] [1]

### District Court, W. D. Texas.

JURISDICTION IN BANKRUPTCY—PROVISIONAL WARRANTS—SEIZURE OF PROPERTY—INJUNCTION.

1. The district court, in an involuntary case, has no authority under a provisional warrant to order the seizure of property from the possession of a person to whom the debtor transferred it before the filing of the petition.

2. The district court, in an involuntary case, may issue an injunction to prevent the disposal of property by a person to whom the debtor has transferred it.

In bankruptcy.

DUVAL, District Judge. On the 20th day of December, 1873, certain creditors of George B. Holland, Jr., filed their petition in this court, seeking to have him adjudged a bankrupt, which proceeding is still pending and undetermined. Among other things, the said creditors charged that a certain stock of goods, wares, and merchandise had been fraudulently transferred by said George B. Holland, Jr., to his father, George B. Holland, Sr., and a writ of seizure was thereupon issued out of said court, commanding the marshal to seize and take the same into his possession. By authority of this war-

[1] [Reprinted from 12 N. B. R. 403, by permission. 1 N. Y. Wkly. Dig. 126, contains only a partial report.]

rant, the marshal accordingly seized the goods on the 26th day of December last, and took them out of the possession of Holland, Sr., and now holds them subject to the order of the court. The said George B. Holland, Sr., now files a petition representing to the court that he purchased said goods from his son on the 27th day of October last—that the purchase was made in good faith, for a fair and valuable consideration, without intention to defraud creditors, and without any knowledge on his part that his son owed anything on said stock of goods; and he prays that so much of said warrant as specially directed the seizure thereof, be annulled and set aside, and the marshal ordered to restore the same to his possession. I do not think the 40th section of the bankrupt act [of 1867 (14 Stat. 536)] confers authority upon the court, on the filing of a petition by a creditor, to order the seizure of any property or effects, except such as belong to, and are in possession of the debtor. No authority is conferred for ordering the seizure of property from the possession of a person to whom the debtor had transferred it prior to the filing of the creditor's petition. George B. Holland, Sr., was no party to the proceedings when the warrant of seizure was issued, and the goods appear to have been purchased by, and conveyed to him, some two months previously. The question of the bona fides of the sale and transfer by Holland, Jr., to his father, and whether it was in fraud of the rights of creditors, etc., is one which can only be raised and determined by a proper judicial proceeding. Until this is done, Holland, Sr., is entitled to the possession of the property. If Holland, Jr., is adjudicated a bankrupt, suit may be brought by his assignee to subject the property or its proceeds, to the claims of creditors, and in such action Holland, Sr., must be a defendant, with the right of being heard. While it is my opinion that the writ of seizure was improvidently issued in this case, so far as it authorized the marshal to take the goods from the possession of Holland, Sr., the section of the bankrupt act, above referred to, clearly authorizes a writ enjoining and restraining Holland, Sr., from making any disposition thereof, until the further order of the court, and this would have been the process proper to be used. It is, therefore, ordered, that so much of the warrant aforesaid, as authorized the seizure of said goods in possession of Hollond, Sr., be annulled and vacated, and that the same be restored by the marshal to his possession. It is further ordered, that a writ of injunction do issue at the same time, restraining the said Holland, Sr., from selling or otherwise disposing of said goods, until the assignee of Holland, Jr. (in case the latter be adjudged bankrupt), has a reasonable time for asserting his rights thereto, if he has any, by a suit for that purpose, or until the further order of the court in the premises.